United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10833
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALEJANDRO AMAYA, also known as Alex Amaya, also
known as Gordo,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-251-2
---------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Alejandro Amaya appeals the sentence imposed in connection
with his guilty-plea conviction for conspiring to possess with
intent to distribute and to distribute more than five kilograms
of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Amaya
argues that the district court erred in calculating the drug
quantities for which he was held responsible.  Amaya also argues
that the district court erred in denying him a two-level
reduction for a minor role in the drug conspiracy.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defense counsel's statements at the sentencing hearing did not clearly abandon Amaya's objections to the drug quantity calculation by the presentence report (PSR).  We review only the inclusion of the 30-kilogram amount in the drug quantity calculation, however, because the base offense level of 34 was error only if the 30-kilogram amount was improperly included, and, if it was not error, any error concerning the other amounts included in the drug quantity calculation was harmless.  See United States v. Solis, 299 F.3d 420, 457 n.135 (5th Cir. 2002).  We review all of the arguments made by Amaya in connection with the 30-kilogram amount for plain error.  See United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000); United States v. Olano, 507 U.S. 725, 731-37 (1993).

We have held that it is the defendant's burden to show "that the information in the PSR relied on by the district court is materially untrue," United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005), and that, absent rebuttal evidence, the district court is entitled to rely on the facts recited in the PSR.  United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005), cert. denied, 126 S. Ct. 1020 (2006).  Amaya stipulated in the factual resume for his plea that his conspiracy with Christina Martinez and others "[s]pecifically" involved a September 2003 meeting during which he offered to sell a confidential informant 30 kilograms of cocaine.  Because that stipulation was recited in the PSR and because Amaya offered no

evidence to rebut the PSR's inclusion of that amount in the drug quantity calculation, any error by the district court in including that amount in the drug quantity calculation was not clear or obvious.  See De Jesus-Batres, 410 F.3d at 164; Olano, 507 U.S. at 731-37; see also United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).

Amaya's arguments that the 30-kilogram amount should not have been counted because the meeting between him and a confidential informant was not a conspiracy and because the mere offer to sell drugs did not constitute a criminal act rely on the premise that the meeting was not part of his conspiracy with Martinez.  As there was no plain error in attributing the 30-kilogram meeting to the conspiracy between Amaya and Martinez, these arguments are unavailing.

Amaya also argues that the 30-kilogram amount should not have been included in the drug quantity calculation because although he offered to sell the cocaine to a confidential informant, there was no evidence that his offer was accepted by the confidential informant.  "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level" unless, inter alia, the defendant establishes that he did not intend to provide or purchase the agreed-upon amount or was not reasonably capable of providing the agreed-upon amount.  U.S.S.G. § 2D1.1 comment. (n.12).

Amaya and the Government disagree on whether the phrase "agreed-upon quantity" should include an offer to sell. Because there is no controlling authority interpreting this phrase in the comment to the guidelines, any error on the part of the trial court could not be plain. See United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997); United States v. Calverley, 37 F.3d 160, 165 (5th Cir. 1994) (en banc). Moreover, assuming, arguendo only, that the phrase "agreed-upon quantity" does not include offers to sell, the factual issue regarding whether Amaya's offer to sell cocaine was accepted by the confidential informant could have been resolved during the sentencing hearing. "Questions of fact capable of resolution upon proper objection at sentencing can never constitute plain error." Lopez, 923 F.2d at 50.

A district court's determination of a defendant's role in the offense is a factual finding that this court reviews for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). Given the facts set forth in the PSR about Amaya's direct participation in negotiating drug transactions involving multiple kilograms of cocaine, the district court did not clearly err in concluding that Amaya was not entitled to a reduction for a minor role in the offense. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).

AFFIRMED.