United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40847
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-40-ALL
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Eduardo Garcia appeals from his conviction of illegally transporting an alien inside the United States. He contends that the district court erred by adjusting his offense level for reckless endangerment, by adjusting his offense level for the number of aliens involved in the offense, by denying him an adjustment for acceptance of responsibility, and by attributing three criminal history points to him for a 1995 California conviction.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia's contentions regarding the adjustment for reckless endangerment, the adjustment for the number of aliens, and the attribution of criminal history points are raised for the first time on appeal. Those contentions therefore are reviewed under the plain error standard. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).

Garcia has failed to demonstrate error regarding the adjustment for reckless endangerment. The presentence report indicated very cold conditions in a locked trailer unit of a tractor-trailer. See United States v. Zuniga-Amezquita, 468 F.3d 886, 889 (5th Cir. 2006). Whether Garcia actually knew about the cold temperature in the trailer and whether he actually set the thermostat are factual issues that could have been resolved by the district court upon proper objections. See United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).

The adjustment for the number of aliens was irrelevant to the total offense level, which was based on Garcia's reckless endangerment of the aliens in the trailer. Garcia has not shown that the adjustment for the number of aliens had any effect on the sentence he received and, therefore, has failed to carry his burden under the plain error standard. See Olano, 507 U.S. at 734; Williams v. United States, 503 U.S. 193, 203 (1992).

Garcia denied culpability for his offense at the sentencing hearing, in effect renouncing his guilty plea, and he was not

2

entirely cooperative with the probation officer.  The district court's determination that Garcia did not accept responsibility is not without foundation in the record.  See United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003).

Whether Garcia was sentenced to imprisonment, home confinement, or residency in a halfway house in California in 1995 is a factual issue that could have been resolved had Garcia made a proper objection in the district court.  Garcia cannot demonstrate plain error regarding that issue.  See Lopez, 923 F.2d at 50.

AFFIRMED.