**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-40467
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR TRUJILLO URBINA, also known as Oscar Trujillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1218-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oscar Trujillo Urbina pleaded guilty to an indictment charging him with illegal reentry into the United States after deportation. Urbina did not object to the presentence report, but he requested a sentence below the Sentencing Guidelines range. The district court rejected the request and sentenced Urbina to 51 months in prison and a three-year term of supervised release.

On appeal, Urbina argues that the district court plainly erred procedurally by sentencing him based on facts that were not supported by the record. Urbina

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also argues that his within-Guidelines sentence is unreasonable because it is greater than necessary to achieve the aims of 18 U.S.C. § 3553(a).

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). The court first examines whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States,* 552 U.S. 38, 51 (2007). If there is no such error or the error is harmless, the reviewing court may proceed to the second step and consider the substantive reasonableness of the sentence imposed for an abuse of discretion. *United States v. Delgado-Martinez,* 564 F.3d 750, 751 (5th Cir. 2009). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Urbina argues that the district court based his sentence on factual findings not supported by the record. Urbina did not object to these findings in the district court. "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.) (citation and quotation marks omitted), *cert. denied*, 130 S. Ct. 192 (2009). Urbina concedes that, when no objection is made, this court reviews the adequacy of the district court's explanation of its sentence for plain error only; however, in light of a circuit split, he preserves the issue for future review.

Urbina urges that, in addressing his request for a sentence below the Guidelines range, the district court made two findings that were not supported by the record. The first was that Urbina said that he would not continue to have

sex with the 15 year old girl that was the victim in the statutory rape case. The second is the duration of time in which Urbina continued to have illicit sexual relations with the girl when at some point during the relationship the girl necessarily reached the age of consent and the sexual activity was no longer illicit. Although Urbina argues as if these findings were false, they are not refuted by the record and present questions of fact rather than demonstrable errors of fact. "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Urbina's arguments with respect to whether he lied to the victim's mother and the length of the illegal sexual activity could have been resolved by the district court if Urbina had properly raised the issue by either objecting to the findings or presenting evidence at sentencing to rebut the findings. Because Urbina did not object in the district court and there is no specific evidence in the record addressing either of the allegedly erroneous findings, Urbina cannot show plain error.

With respect to the argument that the sentence is substantively unreasonable, Urbina contends that the presumption of reasonableness that ordinarily attaches to a within-guidelines sentence on appellate review should not apply in his case because the Guideline under which he was sentenced is not empirically supported. He acknowledges that his argument is foreclosed by this court's precedent; however, he raises the issue to preserve it for possible Supreme Court review. Accordingly, we presume that Urbina's within-Guidelines sentence is reasonable. *See Alonzo*, 435 F.3d at 554.

Urbina's arguments are focused on a comparison between his current sentence and the sentence imposed in the state statutory rape case. Although the numerical assertions are certainly true, they do not address whether the 51-month sentence is appropriate for an illegal reentry that occurred only two to three months following the original deportation. The record shows that it was Urbina's rapid return to the United States following his deportation and his lack

of respect for the law that caused the district court to conclude that he would likely return again, notwithstanding the instant conviction. Given that Urbina does not dispute the findings based on the record that he repeatedly committed offenses knowing that his actions were illegal, he cannot show that the district court abused its discretion in sentencing him within the recommended Guidelines range.

AFFIRMED.