# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2010

Lyle W. Cayce
Clerk

No. 09-50875
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSA ANNA TRINIDAD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-256-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Rosa Anna Trinidad challenges her sentence of 24-months' imprisonment, imposed upon revocation of her probation. Our court has declined to resolve whether, following *United States v. Booker*, 543 U.S. 220 (2005), the reasonableness standard of review applies to revocation sentences; we need not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

do so here, because, as Trinidad concedes, only plain-error review applies. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

To establish reversible plain error, Trinidad must show the district court committed a clear or obvious error that affected her substantial rights; even then, we have discretion whether to correct such error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

Trinidad contends the district court plainly erred in finding she continued to use drugs and posed a danger to herself and others in the community. Had Trinidad objected timely to these findings, the district court could have ascertained pertinent facts. In that regard, questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). In the light of the foregoing, Trinidad has not established clear or obvious error. *See Baker*, 538 F.3d at 332; *Lopez*, 923 F.2d at 50.

Trinidad also contends the court plainly erred in imposing a substantively unreasonable sentence. She maintains that the above-Guidelines sentence of 24 months' imprisonment was unreasonable because it overstated the seriousness of her behavior. She asserts that her violations of her probation terms (failing to report to her probation officer and failing to submit urine specimens) were minor infractions.

Although Trinidad's 24-month sentence was in excess of the Guidelines range of three to nine months' imprisonment, it was within the statutory maximum. *See* 18 U.S.C. §§ 4, 3565. Our court has routinely upheld probation-revocation sentences that, as here, exceed the Guidelines range but are within the statutory maximum. *Whitelaw*, 580 F.3d at 265. Trinidad has not shown plain error as to this issue. *See Baker*, 538 F.3d at 332.

Finally, Trinidad, notwithstanding her above-described concession about plain-error review, contends:  such review should not apply because she requested a lower sentence in the district court; and, because reasonableness is an appellate standard, no objection to either procedural or substantive reasonableness need be made to preserve error.  She acknowledges this issue is foreclosed by our precedent but raises it for possible further review.

AFFIRMED.