# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 2, 2011

Lyle W. Cayce
Clerk

No. 10-50247
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER ROBLES-PANTOJA, also known as Chico,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-88-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Javier Robles-Pantoja appeals the 84-month sentence imposed following his guilty plea conviction of illegal reentry.  Robles-Pantoja argues that he was incorrectly assessed three criminal history points under U.S.S.G. § 4A1.2(e)(1) for his 1989 Texas conviction for delivery of a controlled substance because the conviction was too old to be counted.  He correctly concedes that because he did not raise this argument below, review is limited to plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The issue presents a factual question regarding the expiration of Robles-Pantoja's sentence in the relevant offense. This question was capable of resolution upon proper objection in the district court and, therefore, cannot amount to plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

Robles-Pantoja's second argument, which he raised in the district court, is that the 84-month sentence imposed is greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a). We consider the substantive reasonableness of the sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007).

The district court listened to Robles-Pantoja's assessment of the § 3553(a) factors and stated that it was considering those arguments as well as the § 3353(a) factors and the guidelines. Robles-Pantoja's argument that the § 3553(a) considerations should have been balanced differently does not suffice to show that his sentence is substantively unreasonable. *Cf. United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008). Furthermore, he has not rebutted the presumption of reasonableness because he has not shown that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

Finally, Robles-Pantoja argues for the first time on appeal that the presumption of reasonableness should not apply in this case because the Guideline that was the basis for his sentence, U.S.S.G. § 2L1.2, is not based upon empirical data. He concedes that this court has rejected his empirical data

No. 10-50247

argument, and he states that he is raising the argument to preserve it for Supreme Court review. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

AFFIRMED.