# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2010

Lyle W. Cayce
Clerk

No. 09-41124
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS FABIEL MENDOZA, also known as Primo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1168-14

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Fabiel Mendoza appeals the 120-month sentence imposed following his guilty plea conviction for conspiracy with intent to distribute more than five kilograms of cocaine and 1,000 kilograms or more of marijuana, and conspiracy to launder monetary instruments. Finding no error, we affirm.

The district court calculated Mendoza's total offense level at 37, which included a two-level enhancement pursuant to U.S. SENTENCING GUIDELINES

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

MANUAL § 3B1.1 (2008) based on Mendoza's role as a leader or organizer in the offense. The resulting guidelines range was 210 to 262 months.

Mendoza argues that the district court erred by relying on insufficient and unreliable evidence in assessing the two-level § 3B1.1 enhancement. The determination that a defendant is a leader or organizer is ordinarily a factual finding reviewed by this court for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). The Government argues, however, that Mendoza failed to preserve his objection to the two-level enhancement, and thus, review is for plain error. The Government also argues that any error was harmless in light of the imposition of the mandatory minimum sentence.

With respect to Mendoza's contention that he did not exercise sufficient control to warrant the enhancement, there was no error, regardless of the standard of review. The facts in the presentence report and Mendoza's own concessions provide evidence that Mendoza utilized a driver to deliver substantial amounts of narcotics and split the profits with him. There was thus no error in the district court's conclusion that Mendoza was the leader or organizer of at least one other person. *See United States v. Giraldo*, 111 F.3d 21, 24 (5th Cir. 1997) (discussing enhancement based on status as organizer of other criminal participants). To the extent that Mendoza contends that there was no evidence of the driver's criminal liability, Mendoza failed to raise this specific argument in the district court, and we review for plain error. Because this is a factual question that could have been resolved upon objection, there can be no plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) ("Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."). Even if he had preserved the issue, however, there was sufficient evidence supporting an inference of criminal knowledge, including the splitting of profits and transportation of large quantities of drugs.

In light of the foregoing, there was no error, plain or otherwise, in the imposition of the enhancement. Even if the district court had erred, any error would be harmless given that the court sentenced Mendoza to the mandatory minimum of 120 months, which was less than the guidelines range of 135 to 168 months that Mendoza contends applied without the enhancement. For the foregoing reasons, the judgment of the district court is AFFIRMED.