# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

No. 09-11232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ULISES ZAMORA-MELGOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:09-CR-30-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mexican national Luis Ulises Zamora-Melgoza ("Zamora") appeals the 46-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that the district court erred both in calculating his criminal history score and in calculating his total offense level. Because neither challenge was raised in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To demonstrate plain error, Zamora must show

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Zamora first contends that he was incorrectly assessed two criminal history points under U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 4A1.2(e) (2009) for his April 1989 California drug conviction because that conviction was too old to be counted. Although Zamora urges that the facts are undisputed and that the issue concerns only the district court's application of the Guidelines, we conclude that the issue presents a factual question about the sentencing date of the relevant offense, which question was capable of resolution upon proper objection at sentencing and which thus cannot amount to plain error. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Moreover, even if clear or obvious error is assumed, the facts of this case show that the error did not affect Zamora's substantial rights because the sentence imposed, 46 months, falls within the middle of the corrected sentencing range and because there is no evidence that the district court believed the bottom of any range to be appropriate. *See United States v. Jasso*, 587 F.3d 706, 713-14 (5th Cir. 2009); *see also United States v. Jones*, 596 F.3d 273, 277-79 (5th Cir. 2010), *petition for cert. filed* (May 5, 2010) (No. 09-10607).

Zamora next contends that the district court erred in assessing a 16-level increase to his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because the evidence was insufficient to prove that his second California drug conviction was for a violation of CAL. HEALTH & SAFETY CODE § 11351, a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(A), rather than CAL. HEALTH & SAFETY CODE § 11352. As above, Zamora's claim involves a fact question capable of resolution by the district court on proper objection and thus cannot constitute plain error. *See Lopez*, 923 F.2d at 50. Additionally, the record belies Zamora's contention, clearly establishing that, although his first drug conviction was

2

under CAL. HEALTH & SAFETY CODE § 11352, the second drug conviction was for a violation of CAL. HEALTH & SAFETY CODE § 11351, which constitutes a drug trafficking offense warranting the 16-level enhancement. *See United States v. Palacios-Quinonez*, 431 F.3d 471, 473-76 (5th Cir. 2005).

The district court's judgment is AFFIRMED.