**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

Lyle W. Cayce
Clerk

No. 10-11132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN DEAN MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-111-1

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brian Dean Miller appeals the 27-month sentence imposed following his conviction of making threats to kill United States President Barack Obama. He argues that the district court erroneously applied the six-level "official victim" adjustment pursuant to U.S.S.G. § 3A1.2 because President Obama was not a "victim" of the offense and his actions were not "motivated by" President Obama's status as a federal official. He also argues that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by finding that the offense involved more than two threats and applying a two-level adjustment pursuant to U.S.S.G. § 2A6.1(b)(2).

Ordinarily, this court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). However, if a defendant has not preserved an issue for review in the district court, review of the issue is for plain error. *See United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008). To show plain error, Miller must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Miller's objection below to the application of § 3A1.2 was based on his assertion that he was not "motivated by" President Obama's status as a government official. Thus, that argument was properly preserved. *See id.* However, this objection would not have alerted the district court to the "victim" argument he raises on appeal. Therefore, review of that argument is for plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003)

Miller argues that President Obama was not a victim of the underlying offense because he was not affected directly or indirectly by the offense. He argues that the victim in this case was society as a whole, which was required to spend public resources in its investigation of the threat. He further argues that a generalized public interest does not constitute a "victim" for purposes of § 3A1.2.

The commentary to § 3A1.2 indicates that the President may be considered a victim for purposes of the adjustment. U.S.S.G. § 3A1.2, comment. (n.5) (providing that "[i]f the official victim is an exceptionally high-level official, such as the President or the Vice President of the United States, an upward departure may be warranted due to the potential disruption of the governmental function."). Furthermore, there is no requirement that President Obama be personally impacted by the threats in order to be considered a victim. *See United States v. Polk*, 118 F.3d 286, 289-91 (5th Cir. 1997). Miller argues that his case is distinguishable from *Polk* because in that case there were efforts made to plot and carry out a real bombing, whereas in the instant case, no efforts were made to carry out his threat. However, § 3A1.2 does not require that the victim be harmed in any way or even be made aware of the threat. *See Polk*, 118 F.3d at 298 (quoting *United States v. McCaleb*, 908 F.2d 176, 179 (7th Cir. 1990)). In light of the foregoing, Miller has not shown that the district court erred by finding that President Obama was a "victim" for purposes of the § 3A1.2 adjustment.

Miller argues that § 3A1.2 does not apply because his threat was not motivated by President Obama's status as a government official. He argues, as he did below, that his threats were motivated by his desire to provoke an angry reaction from other posters on Craigslist. He further argues that the district court's rejection of his position as inconsistent with his plea reflects a misunderstanding of the elements of the offense or the application of the adjustment, or both.

Contrary to Miller's assertion, the district court did not reject Miller's argument because it was inconsistent with the plea. The district court rejected Miller's argument because it agreed with the Government's argument that the threats were made against President Obama because of his status as the President. The district court found that "if you read what Mr. Miller wrote, . . . it's just inescapable that paragraph 25 [applying the § 3A1.2 adjustment] is

correct." The district court also observed that Miller's argument bordered on a failure to accept responsibility; however, this inconsistency was not the reason the district court overruled Miller's objection. Miller has not demonstrated that the district court's finding that his threat was motivated by President Obama's official status was clearly erroneous. *See Rodriguez*, 602 F.3d at 362.

Finally, Miller argues that the district court erroneously applied a two-level adjustment pursuant to § 2A6.1(b)(2) based on the determination that the offense involved more than two threats against President Obama. He argues that there were only two threats in the record that were directly related to the offense. Therefore, he argues that there was no basis to apply the enhancement.

At sentencing, Miller objected to the two-level adjustment on the ground that the two threats against President Obama should be considered a single threat because they occurred in close temporal proximity. Because Miller is making a different argument on appeal, review of his claim is for plain error. *See Medina-Anicacio*, 325 F.3d at 643.

The determination that an offense involved more than two threats under § 2A6.1(b)(1) is a factual matter. "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). As a question of fact that was capable of resolution by the district court upon proper objection, the district court's determination that the offense involved more than two threats, warranting an increase under § 2A6.1(b)(1) cannot constitute plain error. *See id.* In any event, the record establishes that Miller made at least three threats against President Obama. Accordingly, the district court did not err by applying the two-level adjustment.

Miller has not shown any error in the district court's sentencing determinations. Thus, the judgment of the district court is AFFIRMED.