**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

Lyle W. Cayce
Clerk

No. 11-10079
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO SALIZAR-PROA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-46-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Francisco Salizar-Proa appeals the 48-month non-guidelines sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He argues that his sentence, which was the result of an upward variance from the recommended guidelines range of 21 to 27 months, is procedurally and substantively unreasonable.

With respect to the procedural reasonableness of the sentence, Salizar-Proa argues that the district court erred in finding that he had "five prior illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry convictions, plus six other removals from this country." He asserts that, because five of the six referenced removals resulted from his five prior illegal reentry convictions, the district court "double-counted" his removals when deciding upon his non-guidelines sentence. He argues that his sentence is substantively unreasonable because it relied upon a mistake of fact as justification for his sentence, it failed to take into account the fact that he had a non-violent criminal history, it failed to take into account the fact that he was an "itinerant laborer" living a "meager existence," and it failed to take into account that he had a heart condition.

The district court's finding regarding Salizar-Proa's number of prior removals is reviewed for plain error. "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."[1] Although Salizar-Proa objected in the district court to the procedural and substantive reasonableness of the sentence, he did not alert the district court to any alleged error with respect to its summary of his prior illegal reentry convictions and removals. Accordingly, we review that argument for plain error.[2]

To show plain error, Salizar-Proa must show a forfeited error that is clear or obvious and that affects his substantial rights.[3] "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."[4] Salizar-Proa's challenge to the district court's finding

---

[1] *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

[2] *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009) (applying plain error review because, although the defendant challenged the reasonableness of his sentence in the district court, he did not do so on the specific ground raised on appeal).

[3] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[4] *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991); *see also United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) ("[I]t is well established that there can never be plain error if the issue is a factual one, which could have been resolved in district court upon proper objection.").

that Salizar-Proa had "six other removals" could easily have been resolved by the district court if he had objected to that finding. Because he did not object to the district court's finding regarding his number of removals, he cannot show plain error.

Regardless, there was no plain error for the additional reason that Salizar-Proa's substantial rights were not affected. "In the sentencing context, . . . an appellant can show an impact on substantial rights . . . where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence."[5] Salizar-Proa was removed five times following his five illegal convictions and was ordered removed, voluntarily returned, or removed on three other occasions. Salizar-Proa has not shown that if the district court had found that he had been ordered removed, voluntarily returned, or removed a total of eight times, as opposed to finding, as Salizar-Proa suggests, that he had been removed a total of eleven times (that is, the five removals following the convictions plus the "six other removals" that the district court found), that there is a reasonable probability that he would have received a lesser sentence. Such a conclusion would be especially difficult to draw in light of the district court's particular emphasis on Salizar-Proa's five prior illegal reentry convictions when it discussed why the above-guidelines sentence was warranted under the § 3553(a) factors. In contrast, it mentioned the removals only once in passing.

Salizar-Proa's above-guidelines sentence is not substantively unreasonable otherwise, either. We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[6] This Court "must give due

---

[5] *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010); *cf. United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (holding that the defendant's burden of establishing entitlement to relief for plain error "should not be too easy").

[6] *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."[7] The district court heard Salizar-Proa's arguments for a within-guidelines sentence and was aware of the above-noted mitigating facts that he advanced. The district court noted, however, that despite Salizar-Proa's five prior convictions for illegal reentry, he continued to commit the same offense, and it cited specific 18 U.S.C. § 3553(a) factors to support its decision to impose the non-guidelines sentence. Salizar-Proa's sentence does not unreasonably fail to reflect the § 3553(a) factors.[8] Moreover, the extent of the variance is not unreasonable.[9] Thus, the district court did not abuse its discretion in imposing a sentence that was outside of the recommended guidelines range.[10]

Because Salizar-Proa has not shown that his sentence is procedurally or substantively unreasonable, the district court's judgment is AFFIRMED.

---

[7] *Gall*, 552 U.S. at 51.

[8] *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

[9] *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008) (upholding a more than 250% variance to concurrent terms of 120 months and 180 months from a range of 41 to 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward variance or departure to 120 months from a range of 46 to 57 months); *United States v. Smith*, 417 F.3d 483, 492-93 & n.40 (5th Cir. 2005) (upholding a departure to 120 months from a guidelines maximum of 41 months); *United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005) (noting that although the "district court quadrupled the maximum sentence allowable for [the defendant] under the Guidelines," the sentence was reasonable).

[10] *See Gall*, 552 U.S. at 51.