# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2011

Lyle W. Cayce
Clerk

No. 10-20839
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-318-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricardo Castillo appeals his 151-month sentence following his conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine. He argues only that the district court committed procedural error by relying on a clearly erroneous fact when imposing his sentence. *See Gall v. United States,* 552 U.S. 38, 51 (2007). Because he raises this issue for the first time on appeal, we review the issue for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20839

Castillo is correct that when the district court initially gave its reasons for his sentence, the court stated that he was in this country illegally. However, after the probation officer and the parties informed the court that Castillo was here legally, the district court did not alter its sentence, and in its written statement of reasons, the district court omitted any reference to Castillo's immigration status. Because the district court corrected its own error in the written statement of reasons, Castillo has not shown that the district court committed plain error by relying on a clearly erroneous fact. *See Gall*, 552 U.S. at 51. Additionally, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Castillo's challenge to the district court's statement regarding his illegal status could easily have been resolved by the district court if he had objected to that finding. Because Castillo did not object, for this additional reason, he cannot show plain error in connection with the district court's statement that he was in this country illegally. *See id.*

Moreover, Castillo has failed to establish with a reasonable probability that, but for any error, he would have received a lower sentence, *see United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010), in light of the fact that the district court did not alter its sentence after it was informed that Castillo was in this country legally and that it omitted his immigration status from its written statement of reasons. For these reasons, Castillo has failed to overcome plain-error review. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.