EDITH H. JONES, Chief Judge,
concurring:
I concur in the per curiam opinion, which faithfully follows our twenty year old precedent establishing that findings of fact by a district court are not subject to reversal for “plain error.” United States v. Lopez, 923 F.2d 47 (5th Cir.1991), cert. denied, 500 U.S. 924, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991). But I am also constrained to respond to Judge Prado’s challenge to this precedent. For the sake of brevity, I do so in short points.
First, plain error is by definition error so clear and obvious that the district court should not have erred in the first place. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). As the factfinder in sentencing, the district court is not bound by the rules of evidence, and its findings are shielded by the clear error standard even when an appellant preserves error for appeal. Because so many sentencing findings amount to judgment calls, based in part on the trial court’s intimate knowledge of local probation and law enforcement practices, it seems nearly inconceivable that we could deem their factual findings “plainly erroneous” under the Olano definition. Further, *439 to allow appellate second-guessing when no factual error was pointed out below erodes the distinction between plain error and clear error.
Second, restricting plain error review to issues of law is hardly unfair to defendants. Under current sentencing procedures, each defendant and his attorney has ample advance access to the PSR. They can respond directly to the facts identified as pertinent in the PSR, subject, of course, to rebuttal by the probation officer and the government. They are well aware of the district court’s fact finding duties and have the opportunity to prepare and persuade the district court of their view of the facts. We ought to assume that counsel will have conferred with the client about the facts concerning sentencing. It seems highly unlikely that a competent counsel will fail to timely raise a factual objection to an enhancement in the district court.
Third, this court has, far more often than not, followed Lopez. See, e.g., United States v. Conn, 657 F.3d 280, 284 (5th Cir.2011) (citing Lopez, 923 F.2d at 50), and legions of unpublished Fifth Circuit decisions.[1] That a few opinions of this court fail to follow Lopez in the past twenty years says less about our established court precedent than it does about the potential for error in the increasingly complex law of federal sentencing.
Fourth, this case illustrates why we should not be in the business of reviewing factfindings on appeal. The evidence relating to the foiled attempt to escape from the patrol car is a videotape in which most of the action, admittedly, is committed by Claiborne’s co-defendant. The sequence of events was equally obvious to Claiborne and his counsel as to the trial court, yet the defendant failed to point out his alleged passivity to the district court. From what superior vantage point can we say there is “no evidence” to support the enhancement, when in fact Claiborne’s seat-belt was found undone by the officers, and on the videotape he responds “um-hmm” to an escape query from the other defendant? The district court might have looked at this video more carefully if Claiborne had raised the issue; had it done so, we would have no real basis to declare a fact finding either way—supporting or rejecting an obstruction enhancement—clear error. To apply “plain error” here would amount to our simply replacing the factfinder’s function with a de novo interpretation of the evidence.
Finally, the fulcrum of the desire to employ plain error review to sentencing fact issues is the potential impact on the defendant’s sentence if the guidelines are misapplied. But the defendant’s term of imprisonment is not the only consideration relevant to the standard of review. I have already explained why appellate courts are singularly ill-suited to reviewing unobjected-to facts pertinent to sentencing. It is also important that the public, represented by the government, be apprised of potential sentencing defects at the trial level, in order to save resources and utilize law enforcement capabilities efficiently. Every resentencing compelled following plain error review imposes costs and dangers *440 when a defendant is remitted from prison back (perhaps hundreds of miles) to the sentencing court. Arguably, district courts spend more time trying to foresee and prevent reversal based on the errors not pointed out to them. In any event, they are blindsided and their schedules adversely affected by the disorderliness of allowing criminal defendants to prevail on issues raised for the first time on appeal. The balance of hardships is shared among the defendant, the public and the courts, it seems to me, when the proper sentencing objections are not raised in the trial court.
Because I contend that plain error review should not be applied to this purely factual determination of obstruction of justice, I need only add that I would be strongly disinclined to find plain error if we did use that standard.

. The majority of the recent unpublished opinions follow Lopez. See United States v. Aguirre, No. 10-51167, 2012 WL 11046 *2 (5th Cir. Jan. 4, 2012); United States v. Marquez-Murillo, No. 11-50281, 2011 WL 6934419 *1 (5th Cir. Dec. 30, 2011); United States v. Castillo, 445 Fed.Appx. 784, 784-85 (5th Cir.2011); United States v. Salizar-Proa, 442 Fed.Appx. 908, 910 (5th Cir.2011); United States v. Miller, 450 Fed.Appx. 336, 338-39 (5th Cir.2011); United States v. Candrick, 435 Fed.Appx. 404, 406 (5th Cir.2011); United States v. Zamora-Melgoza, 396 Fed.Appx. 121, 122 (5th Cir.2010); United States v. Mendoza, 395 Fed.Appx. 144, 145 (5th Cir.2010).