# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-50281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 30, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO MARQUEZ-MURILLO, Also Known as Jose Marquez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:10-CR-3066-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Heriberto Marquez-Murillo appeals the 57-month sentence for his guilty-plea conviction of illegal reentry after deportation in violation of 8 U.S.C. § 1326.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He argues that his sentence, which was within the applicable guidelines range of 57 to 71 months, is procedurally and substantively unreasonable because the district court relied on erroneous factfinding. He maintains that the court wrongly concluded that his criminal history score was based primarily on convictions for assaults against women. He claims that his criminal history consisted primarily of minor traffic offenses, and the court's mistaken belief caused it to deny his request for a downward variance.

Marquez-Murillo did not assert in the district court that his sentence was procedurally unreasonable as a result of erroneous factrfinding. Thus, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Marquez-Murillo must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

To the extent that the court, at sentencing, made remarks implying that Marquez-Murillo was placed in criminal history category IV because "most" of his scored convictions involved assaults against women, that finding appears to be erroneous. The record supports that only one of the nine criminal history points was attributable to an assault against a woman, and only three criminal history points were assigned for assaultive offenses. Thus, although Marquez-Murillo's criminal history indicates that he has repeatedly engaged in assaultive behavior, those offenses did not contribute overwhelmingly to his criminal history score.

Nevertheless, the number of assaultive offenses that Marquez-Murillo committed—either against women or in total—is a question of fact; the determination of the extent to which assaultive offenses contributed to the calculation of the criminal history does not involve legal analysis but only a simple numerical comparison of his assaultive and non-assaultive offenses. "For a fact issue

to be properly asserted as plain error on appeal, it must be one arising outside of the district court's power to resolve." *United States v. Alvarado-Saldivar*, 62 F.3d 697, 700 (5th Cir. 1995).  Marquez-Murillo's challenge to the district court's perception of his criminal history as being comprised primarily of assaultive offenses against women could easily have been resolved if he had objected. Because he did not, he cannot show plain error in connection with the characterization of his criminal history.  *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) ("Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error.").

Even if Marquez-Murillo could establish that the characterization of his criminal history constituted clear and obvious error, he has not shown that the error affected his substantial rights:  He has not demonstrated a reasonable probability that, but for the error, he would have received a lower sentence.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  Though Marquez-Murillo asserts that the court's decision not to vary downwardly from the advisory guidelines range was based on its erroneous factfinding, the record does not support that conclusion.  There is no evidence that, if not for its incorrect perception that Marquez-Murillo's criminal history was comprised "mostly" of assaults against women, the court would have opted to vary downwardly from the advisory guideline range.  Accordingly Marquez-Murillo has not shown that the court committed reversible plain error with respect to its perception of his criminal history.

Marquez-Murillo argues that his sentence was substantively unreasonable because it was greater than necessary to accomplish the goals of sentencing— deterring future crime and protecting the public—because it is disproportionate to the severity of his offense.  He further asserts that his within-guidelines sentence does not reflect his personal history and characteristics, because it does not account for his benign motive for reentering the United States.  To the extent that he also asserts that we should not apply a presumption of reasonableness

to his sentence because U.S.S.G. § 2L1.2 is not empirically based and effectively double-counts his criminal history, those arguments are foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The record supports that the district court made an individualized sentencing decision based on the facts in light of 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *Rita v. United States*, 551 U.S. 338, 347 (2007). The district court was in a superior position to find facts and assess their import under § 3553(a), *Gall*, 552 U.S. at 49-50, and we see no reason to disturb the discretionary decision to impose a sentence within the guideline range. Marquez-Murillo's disagreement does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.