UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert LOPEZ, Defendant–Appellant.

No. 89–5703
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1991.

David L. Ylitalo, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

Robert P. Lopez appeals the sentence imposed upon his plea of guilty to possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). He failed to object in any way at his sentencing hearing to the application of the Sentencing Guidelines to his cause. Finding no plain error, we affirm.

I

Robert Lopez was indicted for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, both alleged to have been committed on December 20, 1988. Lopez pleaded guilty to the possession count, and the conspiracy charge was dropped. The court sentenced Lopez on November 20, 1989, adopting the statements in the presentence investigative report (PSI) as its own. The court determined an offense level of 24 and a criminal history category of III. The applicable guideline range was 63–78 months. Lopez did not object to the PSI or contest its factual statements, nor did he in any way challenge the district court's application of the guidelines. The court sentenced Lopez to 70 months in prison, five

years supervised release, and a $50 special assessment. He appeals only his sentence.

## II

■ The recency of a "prior sentence" is relevant to the assessment of points attributable to the defendant's criminal history category. *See* U.S.S.G. § 4A1.2(a), (e). All prior sentences "imposed within ten years" of the commission of the offense are considered recent enough for the court to count when totalling the defendant's criminal history points. U.S.S.G. § .4A1.2(e)(1), (2). Here, the district court assessed five criminal history points on the basis of sentences imposed for Lopez's prior convictions. One of these points stemmed from his January 1979 sentence for the June 1978 offense of driving while intoxicated.

Lopez contends it is fundamentally unfair to calculate his criminal history category based on the sentencing date of past crimes, as opposed to the commission date of those crimes. He argues that U.S.S.G. § 4A1.1(c), as applied to him, violates due process because the delay in his conviction and sentencing for driving while intoxicated caused a greater sentencing score to be applicable to his current offense. He argues in the alternative that the court incorrectly interpreted this guideline when it determined prior offenses were to be counted based upon the date of sentence imposition instead of crime commission.

■ Lopez made no objection whatsoever to either the PSI's assessment of his past sentences or the district court's computation of his criminal history category. He may not raise an objection now, for the first time on appeal, absent plain error. *United States v. Brunson*, 915 F.2d 942, 944 (5th Cir.1990). To support his contention that plain error has occurred, Lopez cites *United States v. Stephenson*, 887 F.2d 57 (5th Cir.1989), *cert. denied sub nom. Goff v. United States,* — U.S. —, 110 S.Ct. 1151, 107 L.Ed.2d 1054 (1990), where we held that misapplication of the guidelines is not subject to harmless error analysis, but requires remand for resentencing. *Id.* at 62; *see Brunson*, 915 F.2d at 945 (Rubin, J., dissenting).

■ FED.R.CRIM.P. 52(a) provides: "Harmless error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." We have reasoned that harmless error has occurred "[w]here the *negative* is established that the error does *not* affect substantial rights." *Helms v. United States*, 340 F.2d 15, 19 n. 1 (1964) (emphasis original). FED.R.CRIM.P. 52(b) provides: "Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error has occurred "[w]here the *affirmative* is established that the error *does* affect substantial rights." *Helms*, 340 F.2d at 19 n. 2 (emphasis original). Thus, consideration of both harmless error and plain error involves an assessment of the impact on the defendant's "substantial rights."

In effect, Lopez argues that, because any error in the application of the guidelines cannot be deemed harmless by an appellate court on review, all misapplications must be plain error affecting substantial rights. His reliance on *Stephenson* to support this proposition is misplaced. There, the defendant preserved at sentencing his objection to the district court's application of the guidelines. Our review here is not for harmless error. Instead, our inquiry is whether we may properly reach the merits of the defendant's appeal where he has failed to preserve the issue below. In accord with *Brunson* and the policies underlying the requirement of finding plain error, we decline to reach the merits of Lopez's appeal.

In *Brunson*, the defendant raised no objection when the district court, reasoning that the guideline applicable to his conviction did not adequately consider his abuse of office, departed from the applicable guideline range. On appeal, the defendant argued the court should have applied U.S.S.G. § 3B1.3, pertaining to the abuse of a position of trust. We acknowledged that the argument had merit; however, we declined to grant relief, stating:

This argument could easily have been made at the resentencing hearing. In sum, Brunson had ample opportunity below to make his section 3B1.3 argument, but failed to do so. Therefore, because the policies underlying the plain error rule—promoting the economy of judicial resources and maintaining the distinct institutional roles of trial courts and appellate courts—apply in this case, we will review the district court's sentence only for plain error. *Brunson,* 915 F.2d at 944 (citing C. WRIGHT, *Federal Practice and Procedure* § 856 (1982)).

"Plain error" is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings. *United States v. Guzman,* 781 F.2d 428, 431–32 (5th Cir.), *cert. denied,* 475 U.S. 1143, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986). It is a mistake so fundamental that it constitutes a "miscarriage of justice." *Brunson,* 915 F.2d at 944; *Matter of Johnson,* 724 F.2d 1138, 1140 (5th Cir.1984). Alternatively stated, when a new factual or legal issue is raised for the first time on appeal, plain error occurs where our failure to consider the question results in "manifest injustice." *See Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985).

Review for plain error is uniquely addressed to the appellate court's discretion. Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error. *See United States v. Mourning,* 914 F.2d 699, 703 (5th Cir.1990). For a fact issue to be properly asserted, it must be one arising outside of the district court's power to resolve. Errors of constitutional dimension will be noticed more freely under the plain error doctrine than less serious errors. *Alexander v. United States,* 390 F.2d 101, 103 n. 3 (5th Cir.1968). Closer scrutiny may also be appropriate when the failure to preserve the precise grounds for error is mitigated by an objection on related grounds. *United States v. Brown,* 555 F.2d 407, 420 (5th Cir.1977), *cert. denied,*

435 U.S. 904, 98 S.Ct. 1448, 55 L.Ed.2d 494 (1978).

The plain error doctrine requires parties to raise objections at procedurally opportune junctures as early in the judicial process as possible. In the sentencing process, "[t]he guidelines do not impose the sentence, they provide a framework for *a district court* to impose a sentence." *United States v. Mejia–Orosco,* 867 F.2d 216, 219 (5th Cir.) (emphasis added), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). It was incumbent upon Lopez to make and factually develop in the district court all arguments concerning application of the guidelines he believed might persuade the judge to alter the sentence he now challenges. *Cf. United States v. Garcia–Pillado,* 898 F.2d 36, 39 (5th Cir.1990) (similar reasoning applied to government). Instead, Lopez made no objection even arguably related to the issue he now seeks to raise. Were we to reach Lopez's argument and find possible error, it would require remand to the district court, for we are without appellate authority to correct his sentence. *Stephenson,* 887 F.2d at 62. The plain error doctrine is designed to avoid just such a circuitous waste of judicial resources.

Lopez has characterized his attack as one of constitutional magnitude. However, the error asserted, involving as it does the technical application of a single guideline, is far from an obviously constitutional one. To the extent it could have substantial merit, it is an attack that in no way implicates the fairness, integrity or public reputation of the sentencing proceedings against him. Lopez does not contest the fact that he had ample opportunity to raise this matter below and express dissatisfaction with any facet of the computation of his criminal history category. *See Brunson,* 915 F.2d at 944; *Garcia–Pillado,* 898 F.2d at 39. He was at that time aware of all information the district court considered relevant to his sentence. He was also fully apprised of how the district court intended to apply the relevant guidelines to that information. Indeed, Lopez makes no attempt to excuse his failure "to call this matter to the dis-

trict court's attention while that court still had the case under its jurisdiction or to then express dissatisfaction with the sentence." *Garcia–Pillado*, 898 F.2d at 39.

Furthermore, if we remanded, the district court could impose the same sentence. Lopez's sentence was below the statutory maximum and within the applicable guideline range. Upholding his challenge of U.S.S.G. § 4A1.1(c) would lower his criminal history point total from five to four, but he would remain in criminal history category III. Accordingly, his guideline range would remain unaffected. In *Brunson*, the court found no miscarriage of justice where on remand "the trial judge could reinstate the same sentence (assuming of course that he included a reasonable explanation for the departure)." *Brunson*, 915 F.2d at 944. Likewise, where the sentence imposed falls within a guideline range that remains unaffected regardless of the merits of the appeal, no substantial rights of the defendant are implicated. Thus, we refuse to reach the merits of his argument.

### III

The judgment of the district court is AFFIRMED.