4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James D. OSBORNE, a/k/a Chico, Defendant-Appellant.
 No. 93-5146.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-92-59)
 Elizabeth Deer Harter, Bowles, Rice, McDavid, Graff & Love, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Betty A. Pullin, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James D. Osborne entered a guilty plea to conspiracy to distribute marijuana and oxycodone ("Tylox") in violation of 21 U.S.C.A. Sec. 846 (West Supp. 1993). He appeals the fifty-one month sentence he received, alleging that the district court plainly erred in not awarding him a three-level reduction for acceptance of responsibility, United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1(b) (Nov. 1992), and in failing to give him an adjustment for having a minor role in the offense. U.S.S.G. Sec. 3B1.2(b). We affirm.
 
 
 2
 The probation officer recommended a two-level reduction for acceptance of responsibility because, after pleading guilty a few days before his scheduled trial, Osborne admitted his criminal conduct. No adjustment for role was recommended. Osborne made only minor factual objections to the presentence report. During the sentencing hearing, he did not request a three-level reduction for acceptance of responsibility or a reduction for minor role. On appeal, he maintains that the district court's failure to make these adjustments was plain error which he urges this Court to correct under Fed. R. Crim. P. 52(b).
 
 
 3
 In United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993), the Supreme Court explained that Rule 52(b) allows an appeals court to correct only clear error affecting a substantial right. Clear error, it noted, is synonymous with "obvious" error. It is not obvious from the face of the record that Osborne was entitled to either reduction, despite the assertion he makes on appeal. Both of the alleged errors claimed by Osborne involve factual determinations which can only be made in the trial court. Osborne had the burden of showing in the district court, by a preponderance of the evidence, that these mitigating adjustments applied in his case. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989). Such questions of fact are not suitable for plain error review. See United States v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 59 U.S.L.W. 3770 (U.S. 1991). On the record before us, we cannot find that the district court plainly erred in failing to make the adjustments sua sponte.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED