IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50127
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAIME HUESCA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CR-145-1
- - - - - - - - - -

October 21, 1999

Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Jaime Huesca argues that the district

court erred by denying his motion to suppress because the facts

presented at the suppression hearing show that the U.S. Border

Patrol agents did not have a reasonable suspicion to support the

stop of Huesca's vehicle.  In the context of the denial of a

motion to suppress, we review the district court's factual

findings for clear error and the ultimate conclusion, that the

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

facts supported a reasonable suspicion sufficient to justify an investigatory stop, de novo. United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994).

A roving Border Patrol agent may stop a vehicle if the agent's observations lead him reasonably to suspect that the occupants of a particular vehicle may be involved in criminal activity. See United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975). The factors to be taken into account in determining whether "reasonable suspicion" exists, include: the characteristics of the area; its proximity to the border; the usual patterns of traffic on a particular road and previous experience with alien traffic; information about recent illegal border crossings; the driver's behavior; and the vehicle's appearance, including the type of vehicle, appearance of being heavily loaded, number of passengers, or passengers' behavior. Id. at 884-85.

Huesca's vehicle was approximately 84 miles from the U.S. border when it was stopped by the Border Patrol agents, and there was no indication that Huesca had just come from the border. However, all of the other facts articulated by the Border Patrol agents at the suppression hearing indicate that the remaining factors all support the existence of a reasonable suspicion to stop Huesca's vehicle. The district court did not err in concluding that all of the specific facts considered together

supported the stop.  See United States v. Aldaco, 168 F.3d 148, 150 (5th Cir. 1999).

Huesca also contends that, although he granted his consent for the agents to search his vehicle, this consent was not voluntarily given.  This is an issue of fact that Huesca has raised for the first time on appeal.  See United States v. Cooper, 43 F.3d 140, 144 (5th Cir. 1995)(voluntariness of consent is a question of fact).  An issue of fact capable of resolution by the district court can never constitute plain error.  See United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).  This issue is therefore foreclosed on appeal.

Consideration of this issue is alternatively precluded on appeal because Huesca failed to argue this issue in his motions to suppress and waived his right to appeal all issues except for those raised in his motions to suppress.  See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992)(defendant may waive his statutory right to appeal in a valid plea agreement if the waiver is knowing and voluntary).

AFFIRMED.