United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30196
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES WESLEY WHITE,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-60035-ALL
--------------------

Before BARKSDALE, EMILO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Wesley White appeals from his jury-verdict conviction for three counts of bank fraud and one count of conspiracy to commit bank fraud. White has filed a motion seeking leave to submit a pro se supplemental appeal brief. As there is no right to hybrid representation in a direct criminal appeal, White's motion is DENIED. See United States v. Ogbonna, 184 F.3d 447, 449 & n.1 (5th Cir. 1999); see also 5TH CIR. R. 28.7.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

White contends that the district court erred by failing to make a specific finding that the individuals supervised by White were criminally responsible participants in the criminal activity for purposes of U.S.S.G. § 3B1.1(c). The district court was not required to make such a specific finding. See United States v. Mejia-Orosco, 867 F.2d 216, 220-21 (5th Cir. 1989).

White also argues that the district court erred by applying a two-level adjustment to his sentence for his role as a supervisor pursuant to U.S.S.G. § 3B1.1(c) because the individuals he supervised were not criminally responsible participants in the criminal activity. Because White failed to raise this argument in district court, the issue is reviewed only for plain error. See United States v. Rodriquez, 15 F.3d 408, 414-15 (5th Cir. 1994). As this issue involves a factual question that was capable of resolution by the district court, it cannot constitute plain error. See United States v. Lopez, 923 F.2d 47, 50-51 (5th Cir. 1991).

Accordingly, the district court's judgment is AFFIRMED.

AFFIRMED; MOTION DENIED.