United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40528
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELESTINO YANEZ-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CR-377-2
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Celestino Yanez-Flores (Yanez) appeals from his conviction
of conspiracy to transport aliens for private financial gain.  He
contends, for the first time on appeal, that the district court
erred in light of United States v. Booker, 543 U.S. 220 (2005),
by relying on judicially made factual findings regarding his
offense level adjustment for recklessly creating a substantial
risk of death or serious bodily injury to the aliens that were
transported by the conspiracy of which he was a member.  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further contends that the district court erred by adjusting his offense level for recklessly creating a substantial risk of death or serious bodily injury.

The district court noted that the recommended sentence in Yanez's case was 37 months of imprisonment. The district court chose a 41-month sentence because the scope of the conspiracy and Yanez's level of involvement warranted a sentence at the high end of the guideline sentencing range. Yanez has not shown that the district court would have reached a different result under an advisory sentencing scheme and, therefore, has not demonstrated reversible plain error. See United States v. Mares, 402 F.3d 520, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Yanez bases his argument against the reckless endangerment adjustment on the lack of evidence in the record showing that the aliens transported in groups of up to 30 in the back of extended-cab trucks were unrestrained. He argues that the district court inferred from the fact that the aliens were transported in the beds of trucks that the aliens were unrestrained, then inferred that, because they were unrestrained, the aliens could easily be thrown from the truck beds. Yanez objected on a different theory in the district court; his reckless endangerment argument therefore is reviewed for plain error. See United States v. Sotelo, 97 F.3d 782, 793 (5th Cir. 1996).

"Questions of fact capable of resolution upon proper objection at sentencing can never constitute plain error."

United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).  Whether the aliens were restrained in the beds of the trucks is a factual question that could have been resolved upon proper objection at sentencing.  Yanez cannot demonstrate plain error as to that factual question.  See id.  Nor can Yanez demonstrate plain error as to the question whether the district court erred by imposing the reckless endangerment adjustment.  See United States v. Cuyler, 298 F.3d 387, 391 (5th Cir. 2002).

AFFIRMED.