United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50225
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD DARNELL BURKS, also known as Donald Burks,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-35-2
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donald Darnell Burks appeals from his 96-month prison sentence for possession of an unregistered firearm. For the first time on appeal, Burks contends that the district court should have decreased his offense level by two levels under U.S.S.G. § 3B1.2(b) based on his minor role in the offense.

The district court's determination that a defendant did not play a minor or minimal role in the offense is a finding of fact. United States v. Villanueva, 408 F.3d 193, 203 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). Because the claim was not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised below, it is reviewable for plain error only.  <u>United States v. Calverley</u>, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

Although Burks's codefendant, Elzie Roberts, may have had a more active role than Burks in using the firearm to commit robbery, the evidence did not establish that Burks was so uninvolved as to be "'peripheral to the advancement of the illicit activity.'"  See <u>Villanueva</u>, 408 F.3d at 204 (quoting <u>United States v. Miranda</u>, 248 F.3d 434, 446-47 (5th Cir. 2001)).  Burks has thus not shown plain error.  See <u>Calverley</u>, 37 F.3d at 163; <u>see</u> <u>also</u> <u>United States v. Lopez</u>, 923 F.2d 47, 50 (5th Cir. 1991) (fact questions that can be resolved upon objection at sentencing cannot constitute plain error).

The sentence is AFFIRMED.