United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10464
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN O'NEAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-289-4
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Steven O'Neal appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. He argues that the district court plainly erred in denying him a minor-role adjustment to his offense level under U.S.S.G. § 3B1.2. The district court's determination that a defendant did not play a minor or minimal role in the offense is a finding of fact. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). "Questions of fact

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

capable of resolution upon proper objection at sentencing can never constitute plain error." United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). Whether O'Neal was a minor participant in the conspiracy could have been resolved upon proper objection at sentencing. Thus, O'Neal cannot demonstrate plain error as to that factual question. We further note O'Neal cannot possibly demonstrate any effect upon his substantial rights from failure to grant a reduction because his status as a career offender determined his offense level. See United States v. Olano, 507 U.S. 725, 731-32; U.S.S.G. § 4B1.1. The Government's motion for summary affirmance is GRANTED. O'Neal's sentence is AFFIRMED.