# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-10336
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SILVIA SELENE FARIAS-SANDOVAL, also known as Gabriela Guerra Zamora, also known as Silvia Selena Farias-Sandoval

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-166-1

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Silvia Selene Farias-Sandoval pleaded guilty to possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). The district court sentenced Farias-Sandoval to 87 months in prison. Farias-Sandoval argues for the first time on appeal that the district court erred in calculating the drug quantity attributable to her as relevant conduct under the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Farias-Sandoval did not object in the district court to the drug quantity attributed to her, our review is for plain error. United States v. Rodriguez, 523 F.3d 519, 525 (5th Cir. 2008); United States v. Sparks, 2 F.3d 574, 589 (5th Cir. 1993). Questions of fact that the sentencing court could have resolved upon proper objection at sentencing can never constitute plain error. United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). Because a district court's determination of the quantity of drugs attributable to a defendant is a finding of fact, see United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995) (drug quantity attributable to defendant is a factual finding), Farias-Sandoval cannot show plain error. See Sparks, 2 F.3d at 589. Accordingly, the judgment of the district court is AFFIRMED.