## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL PINEA FLORES, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-48-ALL

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Raul Pineda Flores, Jr., appeals his conviction of being a convicted felon in possession of a firearm. Flores contends that the evidence did not support the district court's finding that he intended to cause bodily harm and that, therefore, the district court incorrectly sentenced him pursuant to the aggravated assault guideline; that the district court erred by adjusting his offense level for discharge of a firearm; that the district court erred by adjusting his offense level for more

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than minimal planning; and that the evidence did not show that a child inside the house incurred a bodily injury.

In the district court, Flores objected to the application of the aggravated assault guideline solely on the basis that the evidence did not support a finding that he fired shots into a private residence. By rejecting Flores's argument, the district court necessarily found that Flores discharged a firearm. The district court's finding is plausible in light of the testimony at Flores's trial and the information in Flores's presentence report and passes muster under the clear error standard of review. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Flores's remaining contentions challenge factual findings of the district court and are raised for the first time on appeal. Those contentions are reviewed under the plain error standard. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). "Questions of fact capable of resolution upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

AFFIRMED.