**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2012

Lyle W. Cayce
Clerk

No. 11-41275
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE GALVAN-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-704-1

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jorge Ricardo Galvan-Hernandez (Galvan) appeals the sentence imposed by the district court following his guilty plea convictions of being illegally present in the United States following removal and fraud in connection with an access device. In addition to his federal convictions, Galvan was convicted in Texas state court of one count of credit card abuse. A portion of his two-year state jail sentence was undischarged when the district court imposed sentence. Galvan argues that the district court erred by not applying U.S.S.G. § 5G1.3(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Galvan concedes, his failure to properly preserve for appeal the issue of the application of § 5G1.3(b) results in plain error review. *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995); *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). To establish plain error, Galvan must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The sentencing of a defendant subject to an undischarged term of imprisonment is addressed by § 5G1.3. In a case falling under § 5G1.3(b), the district court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." § 5G1.3(b)(1). Also, "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." § 5G1.3(b)(2).

Section 5G1.3(b) applies when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under . . . § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense." § 5G1.3(b). It is applicable where the relevant conduct from another offense "has resulted in an increase in the Chapter Two or Three offense level for the instant offense." § 5G1.3, comment (n.2(A)). An incremental loss that does not affect the defendant's offense level cannot be regarded as forming the "basis" for an increase in that level under § 5G1.3(b). *United States v. Carrasco–de–Jesús*, 589 F.3d 22, 27 (1st Cir. 2009).

The record establishes that Galvan's state conviction for credit card abuse stems from his unauthorized use of a MasterCard credit card that belonged to Francisco Bulnes. That state conviction was relevant conduct with respect to his federal offense of fraud in connection with an access device. However, because

Galvan did not raise the applicability of § 5G1.3(b) in the district court, the record is not developed sufficiently to establish whether the relevant conduct from the Texas state conviction "was the basis for an increase in the offense level for the instant offense." § 5G1.3(b). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Galvan has failed to make the requisite showing under the plain error standard.

AFFIRMED.