# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2012

No. 12-10045
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LISA ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-121-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Lisa Alexander appeals her sentence following her guilty plea conviction for use of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2).

Alexander argues that the district court erred by failing to consider a number of her prior convictions as "relevant conduct" under the Sentencing Guidelines. *See* U.S.S.G. § 1B1.3. If these convictions were considered as relevant conduct, then they would not have counted as part of her criminal history score and her criminal history category would have been reduced. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander concedes, because she did not raise this issue in the district court, review is for plain error. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* However, we have held that a finding of relevant conduct is a factual determination. *See United States v. Hinojosa,* 484 F.3d 337, 340 (5th Cir. 2007). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir. 1991). Accordingly, Alexander cannot show that the district court plainly erred in determining that these offenses were not relevant conduct.

At sentencing, Alexander's mother and brother were allowed to make statements regarding the harm they had suffered as a result of Alexander's fraudulent conduct. On appeal, Alexander argues that, because she pleaded guilty to an offense that involved only her father, her mother and brother were not crime victims as defined in 18 U.S.C. § 3771(e) and they should not have been allowed to make statements. Even if Alexander's mother and brother were not victims as defined in § 3771(e), the district court's decision to allow them to speak was not an abuse of its broad discretion to consider information concerning the background, character, and conduct of a defendant. *See* 18 U.S.C. § 3661.

AFFIRMED.