# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

No. 12-10768
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER DEAN LAVER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-26-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Dean Laver pleaded guilty to one count of possession with intent to distribute methamphetamine and received a sentence of 240 months in prison, to be followed by a three-year term of supervised release. On appeal, he argues for the first time that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5)(A) based on the fact that the methamphetamine was imported. Laver asserts that the evidence alleged in the presentence report was insufficient to support the enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Laver did not object on these grounds in the district court, we review his argument for plain error. *See United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005). To establish plain error, Laver must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). Laver's assertions before this court constitute a challenge to the inferences to be drawn from the allegations in the presentence report, which are in themselves factual findings. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Therefore, Laver cannot show that the district court plainly erred in imposing the two-level enhancement.

Additionally, Laver contends that his sentence violated his constitutional rights to an indictment, a jury trial, and proof beyond a reasonable doubt because facts essential to determining the sentence were not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted by him. The facts of concern are the relevant drug quantity, his possession of a firearm, and the fact that the methamphetamine was imported. Laver concedes that plain error review applies and correctly acknowledges that his argument is foreclosed. This court has repeatedly held that a sentencing judge may find by a preponderance of the evidence all the facts necessary to determine the sentencing guidelines range. *See, e.g.*, *United States v. Rhine*, 583 F.3d 878, 891 n.50 (5th Cir. 2009); *United States v. Stevens*, 487 F.3d 232, 245-46 (5th Cir. 2007); *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED. The Government's motion to supplement the record on appeal is DENIED.