**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-50690
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARANDAL DERRICK GOODLEY, also known as Rat,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-332-4

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arandal Derrick Goodley appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 280 grams or more of cocaine base. Goodley cannot show that the district court plainly erred in assessing six criminal history points for his three prior felony convictions that he contends constituted relevant conduct because a determination of relevant conduct is a factual determination that cannot be made for the first time on appeal and cannot constitute plain error. *See United States v. Hinojosa*, 484

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 337, 340 (5th Cir. 2007); *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

Goodley is correct that the district court clearly or obviously erred in assessing three, rather than two, criminal history points for his juvenile adjudication for possession of crack cocaine. *See* U.S.S.G. § 4A1.2(d)(2)(A). However, Goodley has not shown that the error affected his substantial rights because a one-point reduction in his criminal history points would result in his receiving a total of 15 criminal history points and his remaining in criminal history category VI. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

For the first time on appeal, Goodley argues that, while intending to make his federal sentence concurrent with four state sentences, the district court made the federal sentence concurrent with only one of his state sentences. The record reflects no such inconsistency between the intended and actual sentence.

AFFIRMED.