# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10635
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO CHAVIRA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-19

Before JOLLY, DENNIS, and PRADO, Circuit Judges

PER CURIAM:[*]

Benito Chavira appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute a controlled substance. He argues that the district court erred in relying on the confidential source's drug quantity information in the Presentence Report because there was no corroborating evidence to support it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10635

Because he did not challenge the reliability of the confidential source in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To prevail on plain error review, Chavira must identify (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies these three requirements, this court may, in its discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

The amount of methamphetamine attributable to Chavira is a finding of fact. *See United States v. Harris*, 740 F.3d 956, 966 (5th Cir. 2014). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir. 1991). As such, the district court's finding of the applicable drug quantity cannot constitute plain error. *See id.*

The judgment of the district court is AFFIRMED.