# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10726

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2016

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

ERICA AYALA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-22-1

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Erica Ayala pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance—here, methamphetamine—in violation of 21 U.S.C. § 846 and § 841. She appeals her sentence. Ayala first argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with the offense. Ayala did not object to this enhancement below, so we review for plain error. *See United States v. Lopez*, 923 F.2d 47, 49 (5th Cir. 1991).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10726

In imposing the enhancement, the district court relied on the Presentence Report (PSR), which stated that Ayala was arrested "in possession of a Remington shotgun and ammunition, while also in possession of methamphetamine, 'dope' notes, and drug paraphernalia." Ayala asserts that she acquired the shotgun for personal protection after she had withdrawn from the conspiracy. Her attorney made the same claim at the sentencing hearing—without evidence—and offered it only in mitigation, not as an objection to the enhancement itself. Because Ayala did not present evidence establishing how or when she acquired the shotgun, she  failed to "factually develop in the district court all arguments concerning application of the guidelines [she] believed might persuade the judge to alter the sentence [she] now challenges." *Lopez*, 923 F.2d at 50. Her argument on appeal does not present a question of law, but rather, is an attempt to attack the factual underpinnings of the enhancement—a question that could have been resolved by the district court if she had raised an objection based on supporting evidence. *See United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012) ("Requiring a defendant to object to the accuracy or reliability of the factual recitation puts the district court on notice that those facts are contested."). Because "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error," her argument fails. *Lopez*, 923 F.2d at 50. Even if we could consider the factual challenge Ayala now seeks to raise, it would not demonstrate that the district court committed an obvious error in finding that Ayala possessed the firearm during and in connection with the drug conspiracy. The firearm was found during the arrest of Ayala when she also was in possession of methamphetamine and notes related to drug trafficking.

Ayala next argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(5), because the government did not

2

No. 15-10726

prove that she knew the methamphetamine in her possession was imported.[1] Ayala acknowledges that her argument is foreclosed in this circuit by *United States v. Serfass*, 684 F.3d 548, 554 (5th Cir. 2012).

AFFIRMED.

---

[1] The PSR stated that federal agents had "determined, via another investigation, that the methamphetamine supplied to [Ayala] . . . was imported from Mexico."