**UNITED STATES of America, Plaintiff-Appellee**

v.

**Crystal Gail MCCAIN-SIMS; Shaterrika Monique West-Malone, Defendants-Appellants**

**No. 15-20730**

United States Court of Appeals, Fifth Circuit.

Filed June 12, 2017

John Richard Berry, Assistant U.S. Attorney, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Crystal Gail McCain-Sims, Pro Se

Shaterrika Monique West-Malone, Pro Se

Before DAVIS, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendants Crystal Gail McCain-Sims and Shaterrika Monique West-Malone pleaded guilty to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2, and were sentenced to 108 and 142 months of imprisonment, respectively. They appeal arguing that the district court erred by not applying a two-level downward adjustment to their offense levels under U.S.S.G. § 3B1.2(b) for playing a minor role in the commission of the bank robbery. West-Malone also appeals the district court's application of a four-level enhancement to her offense level under U.S.S.G § 2B3.1(b)(4)(A) because a person was abducted during the bank robbery. Finding no error, we affirm.

I.

On March 19, 2015, four people robbed the Shell Federal Credit Union in Humble, Texas. Derrick Devon Malone, Christopher Parker, along with Defendants McCain-Sims and West-Malone, confessed to committing the bank robbery. McCain-Sims was the getaway driver. West-Malone, Malone's wife, was the lookout. West-Malone entered the bank, confirmed there was no security guard on duty, sent a text mes-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sage to Parker confirming that fact, and returned to the getaway car to wait with McCain-Sims. Parker and Malone entered the bank.

On the way into the bank, Malone, who had a gun drawn, grabbed a bank customer who was leaving and threw her back inside the bank and onto the floor. Parker and Malone then proceeded to threaten and demand money from bank tellers and customers. When bank tellers refused to open cash drawers, Parker and Malone jumped over the counter and opened the drawers themselves, emptying money into a grocery bag. In an interview summarized in Defendants' Presentence Report ("PSR"), a bank teller reported that when Parker and Malone pressed her on whether there was more money, she took them over to her teller drawer at the drive-through. Parker and Malone emptied the money in that drawer into another grocery bag.

Parker and Malone collected $6,334 in cash from the bank and $144 in cash from bank customers. The two men then fled the scene in McCain-Sims's car with the two Defendants. With the help of tracking devices hidden inside the stolen cash and security camera footage of the getaway vehicle, the four defendants were tracked down and arrested that day. They each gave Mirandized videotaped confessions.

Defendants McCain-Sims and West-Malone were charged with aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. Both pleaded guilty, without a plea agreement. McCain-Sims was sentenced to 108 months of im-

prisonment and West-Malone was sentenced to 142 months of imprisonment. Both sentences were within the applicable Guidelines range. Defendants appeal, each arguing that the district court erred in applying the Sentencing Guidelines.

## II.

Defendants McCain-Sims and West-Malone argue that the district court should have imposed a two-level downward adjustment of their offense levels because they were "minor participant[s]" in the commission of the bank robbery.[1] West-Malone also appeals the district court's application of a four-level enhancement to her offense level for abduction.[2] We review the district court's application of the guidelines in turn and find no error.

### A. Mitigating Role Reduction under U.S.S.G. § 3B1.2

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.[3] "Whether [a defendant] was a minor or minimal participant is a factual determination that we review for clear error."[4] "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."[5]

McCain-Sims objected to the lack of adjustment in her written objections to her PSR and during her sentencing hearing, so we review the district court's factual determination that McCain-Sims was not a mi-

---

1. *See* U.S.S.G. § 3B1.2(b).

2. *See* U.S.S.G. § 2B3.1(b)(4)(A).

3. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

4. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (alteration in original)

(internal quotation marks omitted) (quoting *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005)).

5. *Id.* (internal quotation marks omitted) (quoting *Villanueva*, 408 F.3d at 203).

nor participant for clear error.[6]

The minor participant adjustment is appropriate "for a defendant who plays a part in committing the offenses that makes him substantially less culpable than the average participant in the criminal activity."[7] This fact-based determination is based on the totality of the circumstances surrounding the commission of the crime.[8] The Commentary to this Guideline was amended in 2015 to clarify the factors a court should consider when determining whether the defendant played a minimal or minor role in the criminal activity.[9]

█ McCain-Sims argues that the district court failed to consider her role in the bank robbery compared to that of the other defendants in light of these factors. In support, McCain-Sims points to the following facts: she served as the getaway driver, but nothing more; she did not plan the robbery or have any role in obtaining the firearm used; she did not direct Parker or Malone in commission of the robbery; she remained in the car the entire time; and she had limited knowledge of the plan. These facts, McCain-Sims argues, make her comparatively less culpable in the commission of the bank robbery, thereby warranting the decrease in her offense level.

The government argues that the district court correctly considered the factors listed in the Commentary to the Guidelines in overruling McCain-Sims's objection. McCain-Sims drove the other three defendants to the bank, knowing Parker and Malone intended to rob the bank, and then drove them away from the scene of the crime. She was also to share equally in Parker's proceeds from the robbery.

The district court found that McCain-Sims did not play a minor role in the criminal activity and denied the downward adjustment to her offense level. In light of the totality of the circumstances surrounding this bank robbery, McCain-Sims played an integral role in the commission of the crime. The PSR explained that McCain-Sims was approached by Parker and was told that she would get one-half of Parker's portion of the money stolen from the bank if she acted as the driver. She drove Parker and Malone to the bank and exercised discretion in her role, refusing to enter the bank. Based on her decision, West-Malone was recruited to "scope out the bank." McCain-Sims picked up West-Malone and then drove back to the bank. She then acted as the getaway driver after the robbery.

We agree that on this record the district court's denial of the downward adjustment was warranted. In reaching this conclusion, we have considered our recent opinion in *United States v. Sanchez-Villarreal*.[10] There, the panel overturned the

---

6. See *Gomez-Valle*, 828 F.3d at 327.

7. U.S.S.G. § 3B1.2 cmt. n.3(A).

8. U.S.S.G. § 3B1.2 cmt. n.3(C).

9. The factors listed in U.S.S.G. § 3B1.2 cmt. n.3(C)(i)-(iv) provide:

 (i) [T]he degree to which the defendant understood the scope and structure of the criminal activity;
 (ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
(v) the degree to which the defendant stood to benefit from the criminal activity.

10. 857 F.3d 714 (5th Cir. 2017).

district court's refusal to apply a mitigating-role adjustment for the defendant who acted as a drug mule and pleaded guilty to possession with intent to distribute cocaine.[11] The district court characterized the defendant's role as "critical" to the overall operation of moving the drugs as the basis for denying the downward adjustment.[12] The Court held that the district court erred in its interpretation and application of § 3B1.2 "by giving conclusive weight to its finding that Sanchez-Villarreal's role was 'critical.'"[13] Because a sentencing court cannot deny the downward adjustment on this ground alone under the Commentary to the Guidelines,[14] the Court vacated and remanded for resentencing.[15]

*Sanchez-Villarreal* is distinguishable from the instant case. Counsel for McCain-Sims twice urged the district court during the sentencing hearing to measure his client's culpability against the culpability of the other participants in the crime. Although the district court used the word "indispensable" in describing McCain-Sims's role in the robbery, the record goes much further. Importantly, McCain-Sims's PSR addendum recommended denying the adjustment and specifically listed the factors the court must consider, quoting from the Guideline Commentary. At the beginning of the sentencing hearing, the district court stated that it reviewed the PSR, the defendant's written objections to the PSR,

and the addendum. Later in the sentencing hearing, counsel renewed his objection to the court's failure to consider the factors in the Guideline Commentary and after an exchange with counsel, the court overruled the objection. Based on this record, we cannot say the district court failed to properly consider the Guideline factors before denying the adjustment.

 West-Malone did not raise her objection before the district court, so our review to her objection is limited to plain error.[16] Again, whether a defendant was a minor participant in criminal activity to warrant the mitigating role reduction in offense level under § 3B1.2 is a question of fact.[17] We have held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."[18] Therefore, West-Malone's objection to the district court's finding that she was not a minor participant in the bank robbery cannot constitute plain error.

**B. Abduction Enhancement under U.S.S.G. § 2B3.1(b)(4)(A)**

 West-Malone preserved error by objecting to the district court's application of a four-level enhancement for abduction under U.S.S.G. § 2B3.1(b)(4)(A), so we review the district court's application of the

---

11. *Id.* at 717.

12. *Id.* at 717.

13. *Id.* at 721.

14. "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the

criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(C).

15. *Sanchez-Villarreal,* 857 F.3d at 722.

16. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

17. *Gomez-Valle,* 828 F.3d at 327.

18. *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir. 1991) (citing *United States v. Mourning,* 914 F.2d 699, 703 (5th Cir. 1990)).

enhancement de novo.[19] The Guidelines state that a four-level enhancement is warranted "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape."[20] "'Abducted' means that a victim was forced to accompany an offender to a different location."[21] Whether a person was moved to a "'different location' should be interpreted flexibly on a case by case basis."[22] The abduction enhancement can be applied even when the forced movement occurred within a single building.[23]

West-Malone argues that while the abduction enhancement has been applied where the forced movement was within a single building, the enhancement is inapplicable when the defendant does not force the victim to accompany him around the structure. West-Malone asserts Malone grabbed the bank customer who was leaving and threw her to the floor, but did not use force to thereafter move her around the bank.

West-Malone's PSR stated that the bank customer "was in the process of exiting the bank" when she was "pushed back into the bank and slammed to the ground." Malone grabbed the customer and threw her back into the bank while holding a gun in his hand. Thus, Malone forced the victim to a different location.[24] Additionally, when a bank teller told Parker and Malone that she gave them all the money she had access to, Parker or Malone disputed her

and she took them at gunpoint to the drive-through area where they took the money from that drawer.[25] These movements are sufficient to support application of the enhancement, and West-Malone fails to show that the district court clearly erred.

### III.

In sum, we find no error in the district court's application of these Sentencing Guidelines. AFFIRMED.

---

19. *Cisneros-Gutierrez*, 517 F.3d at 764.

20. U.S.S.G. § 2B3.1(b)(4)(A).

21. U.S.S.G. § 1B1.1 cmt. n.1(A).

22. *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010) (citing *United States v. Hawkins*, 87 F.3d 722, 726-28 (5th Cir. 1996)).

23. *Id.* at 474; *see also Hawkins*, 87 F.3d at 727-28 ("We interpret the term 'a different

location' ... to be flexible and thus susceptible of multiple interpretations, which are to be applied case by case to the particular facts under scrutiny, not mechanically based on the presence or absence of doorways, lot lines, thresholds, and the like.").

24. *See Johnson*, 619 F.3d at 474.

25. *See id.* (finding that forced movement of a teller around the bank to facilitate escape was sufficient to warrant the enhancement under U.S.S.G § 2B3.1(b)(4)(A)).