# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSMEL FONSECA-FIGUEREDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-875-1

Before WIENER, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Osmel Fonseca-Figueredo appeals his 33-month within-guidelines sentence for transporting undocumented aliens, challenging the district court's sentence enhancement to level 18 under U.S.S.G. § 2L1.1(b)(6) for intentionally or recklessly creating a substantial risk of death or serious bodily injury.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40216

We review the district court's application of § 2L1.1(b)(6) de novo, *United States v. Maldonado-Ochoa,* 844 F.3d 534, 536 (5th Cir. 2016), and review its factual findings for clear error, *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole." *Rodriguez*, 630 F.3d at 380 (internal quotation marks and citation omitted).

Fonseca-Figueredo's contention that the district court impermissibly placed the burden of proving the facts to defeat the enhancement on him is unavailing, as he has taken the district court's questions at sentencing out of context. The district court did not err in applying § 2L1.1(b)(6) because the record supports a finding that "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." § 2L1.1(b)(6). Reckless conduct for purposes of the enhancement includes "carrying substantially more passengers than the rated capacity of a motor vehicle" and "harboring persons in a crowded, dangerous, or inhumane condition." § 2L1.1, comment. (n.3).

The evidence shows that Fonseca-Figueredo transported nine aliens inside the cab of his tractor-trailer, which was equipped with only two seats. Two aliens traveled in contorted positions inside shut closets not meant for a person to stand, and seven were packed like "sardines" under two twin-size mattresses in the sleeper compartment. This evidence supports the enhancement. *See United States v. Mata*, 624 F.3d 170, 172, 174-75 (5th Cir. 2010); *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006).

We need not reach Fonseca-Figueredo's assertion that the district court clearly erred by accepting the translation of the word "encerrado" as locked up. It is sufficient that an alien he transported was closed in a compartment that

No. 17-40216

was not meant for a person and would have experienced difficulty exiting. *See, e.g.*, *United States v. Rodriguez-Mesa*, 443 F.3d 397, 403 (5th Cir. 2006).

Fonseca-Figueredo did not preserve his additional argument that the district court erred when it enhanced his sentence because he lacked the requisite knowledge, and it is therefore subject to plain error review. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Fact questions that a district court may resolve on proper objection at sentencing can never be plain error. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). In any event, Fonseca-Figueredo cannot show plain error given the aliens' description of how they came to hide in Fonseca-Figueredo's truck, the GPS data from his truck, and his contradictory statements to investigators. *See Puckett United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.