# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40375

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ADAN MELENDEZ, also known as 12,

      Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-404-1

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

PER CURIAM:[*]

In this drug-trafficking appeal, Adan Melendez raises various evidentiary and sentencing challenges related to his convictions. We have carefully reviewed the briefs, pertinent parts of the record, and the applicable law—plus we have heard oral argument from the parties. Having done so, we conclude that Melendez's assorted challenges lack merit.

As for sufficiency of the evidence, the government's evidence at trial was both abundant and clear. There was more than sufficient evidence for a reasonable jury to convict Melendez on Counts 2, 5, 7, 10, 12, 19, and 24 (the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only counts he appeals). There was also ample evidence to support the two-level "dangerous weapon" enhancement imposed by the district court. On this point, Melendez's arguments parallel his sufficiency arguments challenging Count 24, and we find them similarly unpersuasive. There was plentiful evidence to support both his convictions and the "dangerous weapon" enhancement.

As for the district court's application of other sentencing enhancements, we have repeatedly held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Many of Melendez's arguments were raised for the first time on appeal and are factual in nature. Thus, it was incumbent upon Melendez "to make and factually develop in the district court all arguments concerning application of the guidelines he believed might persuade the judge to alter the sentence he now challenges." *Id*. We will not and cannot consider his factual arguments here, "for we are without appellate authority to correct his sentence." *Id*.

As for Melendez's argument that his enhancements for "use of violence" and possession of a "dangerous weapon" were both impermissibly double counted with his conviction for possession of a firearm in furtherance of drug trafficking, we hold there was no double counting. Melendez's double-counting arguments are legal in nature, but were raised for the first time on appeal. Such arguments are thus subject to plain error review. *United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017). Count Two, conspiracy to commit money laundering, was the base offense, *not* possession of a firearm in furtherance of drug trafficking. Thus, the enhancements were added to the money laundering charge, not to the firearm possession charge. Also, there could be no double counting as to the "use of violence" enhancement because the district court did not rely on the firearm when deciding whether the enhancement applied.

No. 17-40375

Instead, the court relied on incidences of violence or threatened violence contained in the presentencing report. Thus, the district court did not commit error or plain error when it decided to apply either enhancement.

Nor did the district court commit error, plain or otherwise, when it refused to award an "acceptance of responsibility" reduction. Melendez failed to request this sentence reduction at trial and raises this issue for the first time on appeal. Under Melendez's own theory, the success of this argument hinges upon the success of his other claims. As those other claims have failed, this claim, applying Melendez's own logic, must fail too.

A reasonable jury was presented with more than ample evidence to find Melendez guilty. And the district court convincingly explained its sentencing decisions. Accordingly, we AFFIRM Melendez's convictions as to Counts 2, 5, 7, 10, 12, 19, and 24. We also AFFIRM the sentence imposed by the district court for essentially the same reasons articulated by that court during Melendez's sentencing hearing.