# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10412
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORY DEWAYNE DANIEL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-36-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Cory Dewayne Daniel pleaded guilty to escape from a halfway house. He appeals his within-guidelines sentence of 21 months of imprisonment, arguing that the district court failed to address his arguments for leniency and therefore imposed a procedurally unreasonable sentence.

Because Daniel did not object in the district court on the specific ground raised on appeal, we review for plain error. *See United States v. Mondragon-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10412

*Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).  To prevail under the plain error standard, Daniel must show a forfeited error that is clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  He also must demonstrate that any error affected his substantial rights.  *See id.*  If these requirements are met, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Daniel acknowledges that our precedent requires plain error review, but he raises for further review the contention that a specific objection is not necessary where the district court's error is a failure to address an argument for a lesser sentence.  We agree that we are bound by precedent and therefore reject Daniel's assertion that we should relax the plain error standard in view of his arguments for leniency in the district court.  *See Mondragon-Santiago*, 564 F.3d at 361.  Further, our precedents permitting us to notice errors of constitutional dimension more freely than less serious errors, *see, e.g., United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991), are not implicated here.

Where a district court "decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007).  "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357.

Here, the district court cited the 18 U.S.C. § 3553(a) factors of punishment and deterrence as reasons for its within-guidelines sentence.  We have held that such an explanation is sufficient.  *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).  In view of *Rodriguez*, the sentence imposed by the district court in the instant case was not clearly or

2

obviously procedurally unreasonable due to an inadequate explanation, and therefore Daniel fails to establish plain error. *See Puckett*, 556 U.S. at 135. Moreover, even assuming that the district court plainly or obviously erred by failing to adequately explain its sentence, Daniel fails to point to anything in the record demonstrating that additional explanation would have changed his within-guidelines sentence, and accordingly he fails to make the requisite showing of an effect on his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364.

To the extent that Daniel contends that the district court's imposition of time limits on defense witnesses provides a special reason to believe that the district court's error in failing to address his arguments for leniency affected his substantial rights, his argument lacks merit. We have "recognized that a district court may impose reasonable time limits on the presentation of evidence and the examination of witnesses." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). Although Daniel complains to us about the time limits, he did not advise the district court of any material, non-cumulative evidence he was prevented from presenting; his appellate brief is similarly silent on this point. Under the circumstances of this case, we conclude that the district court did not abuse its broad discretion to manage proceedings by setting time limits on Daniel's examination of witnesses, *see id.* at 300, and neither the imposition of time limits nor anything else in the record suggests that the district court's error, if any, in failing to sufficiently explain its sentence affected Daniel's substantial rights. *See Mondragon-Santiago*, 564 F.3d at 365.

Finally, Daniel's assertion that we should reconsider out holdings regarding the substantial rights prong of the plain error test in light of *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), is unavailing as it pertains

to this case. His reliance on *Molina-Martinez* here is misplaced because the asserted error in the instant case is not an incorrectly determined guidelines range, but rather an alleged failure to adequately explain a within-guidelines sentence.

AFFIRMED.