# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO RAMIREZ-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-401-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raymundo Ramirez-Castro pleaded guilty to illegally reentering the United States after deportation, and the Guidelines produced an advisory sentencing range of 24 to 30 months. Considering Ramirez-Castro's numerous prior convictions for driving while intoxicated (DWI) and various immigration offenses in light of 18 U.S.C. § 3553(a), the district court imposed an above-guidelines sentence of 40 months of imprisonment. On appeal, Ramirez-Castro

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court procedurally erred in relying on his prior DWI convictions to support the variance in the name of protecting the public. *See* 18 U.S.C. § 3553(a)(2)(C). He further asserts that his sentence is substantively unreasonable.

Because Ramirez-Castro did not object to his sentence as procedurally unreasonable, we review that issue for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He argues that, in varying upward, the district court relied on a fact—namely, that he was a danger to the public based on his history of DWI—that was clearly erroneous because his last DWI offense was in 2005 and he had been sober for five years prior to sentencing. *See Gall v. United States*, 552 U.S. 38, 51 (2007). However, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). In any event, in light of his extensive history of DWI, Ramirez-Castro has not shown that the district court's finding that he continued to pose a danger to the public was clearly or obviously erroneous. *See Puckett*, 556 U.S. at 135.

Further, Ramirez-Castro's sentence was not based solely on his history of DWI but also on his prior convictions for immigration-related offenses. Notably, the district court found that an above-guidelines sentence was warranted because Ramirez-Castro's most recent 30-month sentence for illegal reentry did not deter his commission of the instant offense. Therefore, Ramirez-Castro fails to show that any error affected his substantial rights. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012).

We review the substantive reasonableness of Ramirez-Castro's sentence for abuse of discretion. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010); *Gall*, 552 U.S. at 51. Ramirez-Castro asserts that, given the remoteness of his last DWI and his five years of abstinence, the district court placed undue

No. 16-41090

weight on the need for his sentence to provide for the protection of the public. The district court listened to that argument and credited Ramirez-Castro for the changes he has made in his life. Nonetheless, given its awareness of Ramirez-Castro's history of DWI, the court could reasonably have concluded that he continued to pose a danger to the community despite his ongoing sobriety. Further, as noted, the court also considered the need to deter criminal conduct and promote respect for the law in light of Ramirez-Castro's immigration offenses. Given the record, Ramirez-Castro fails to show that the sentence was unreasonable. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

AFFIRMED.