# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS SPHABMISAI, also known as "Chino,"

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-111-5

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Chris Sphabmisai appeals the 200-month within-guidelines sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine.  Sphabmisai first challenges the procedural reasonableness of his sentence, arguing that the district court erred in determining the quantity of methamphetamine attributable to him under the Sentencing Guidelines.  Specifically, he asserts that the presentence report

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11523

(PSR) "evidence used in attributing particular drug quantities to him lacked the requisite indicia of reliability to support that information's accuracy." He maintains that the PSR's drug quantity evidence was "derived solely from presumptively unreliable co-defendants' statements and uncorroborated confidential informant information."

Because Sphabmisai did not raise these arguments in the district court, our review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The amount of methamphetamine attributable to Sphabmisai is a finding of fact. *See United States v. Harris*, 740 F.3d 956, 966 (5th Cir. 2014). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). As such, the district court's finding of the applicable drug quantity cannot constitute plain error. *See id.* Even if we were not bound by *Lopez*, Sphabmisai cannot show plain error. Sphabmisai relies on a Third Circuit's opinion in which the Court found the informant's statement regarding the quantity of drugs was unreliable because the informant had made vastly inconsistent statements at the trial of a co-conspirator. *United States v. Miele,* 989 F.2d 659, 664 (3rd Cir. 1993). *Miele* is inapposite. In that case, the defendant had objected to the evidence, which required the district court to resolve the dispute under Federal Rule of Criminal Procedure 32(c)(3)(D). *Id.* The Court also noted that "no other witnesses testified as to specific drug quantities." *Id.* at 665. In contrast, here, Sphabmisai did not object to the evidence. Moreover, the instant PSR contained other evidence that Sphabmisai had obtained specific drug quantities from his named co-conspirators. Thus, *Miele* does not demonstrate that the district court committed plain error. Nor would we be inclined to use our discretion to correct any error.

No. 16-11523

Sphabmisai next contends that his sentence is substantively unreasonable because the methamphetamine Guideline, U.S.S.G. § 2D1.1, is not empirically based.  He did not preserve this issue in the district court and, thus, our review is for plain error.  *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  Sphabmisai's contention is unavailing.  The district court was not required to question the empirical grounding behind § 2D1.1.  *See United States v. Duarte,* 569 F.3d 528, 530-31 (5th Cir. 2009).  Sphabmisai has therefore failed to rebut the presumption of reasonableness attached to his within-guidelines sentence, much less shown plain error.  *See Heard*, 709 F.3d at 425; *Campos-Maldonado*, 531 F.3d at 338.

The judgment of the district court is AFFIRMED.