# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

UBALDO GABRIEL ACOSTA-LEYVA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-3542-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ubaldo Gabriel Acosta-Leyva appeals the within-guidelines concurrent 33-month sentences imposed for his conviction for conspiracy to import marijuana, importation of marijuana, conspiracy to possess marijuana with intent to distribute, and possession of marijuana with intent to distribute. He contends that his concurrent sentences are substantively unreasonable because they punish him for a speculative quantity of marijuana and fail under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 3553(a) to adequately account for his background and lack of criminal history, his lack of knowledge of the amount of drugs involved, and the fact that he committed the nonviolent offenses out of fear for the safety of his family.

We review the substantive reasonableness of Acosta-Leyva's sentences for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). Acosta-Leyva's concurrent sentences are presumptively reasonable because they fell within his advisory guidelines range. *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). The district court heard Acosta-Leyva's arguments for below-guidelines sentences, but the district court determined that concurrent sentences at the bottom of the guidelines range were appropriate. We are also not persuaded by Acosta-Leyva's argument that the district court should have applied a downward variance because the sentencing guidelines' treatment of drug quantities is not based on empirical data. Acosta-Leyva does not challenge the district court's calculation of the drug quantity attributable to him, and we have rejected the argument that a district court must disregard a particular guideline because it is not empirically based. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009); *see also United States v. Sphabmisai*, 703 F. App'x 275, 276 (5th Cir. 2017) (holding that a district court is "not required to question the empirical grounding" behind the guidelines).

Furthermore, our review of substantive reasonableness "is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Hernandez*, 876 F.3d at 166 (internal quotation marks and citation omitted). The district court was not persuaded that the § 3553(a) factors weighed in favor of sentencing below the guidelines range, and we will not

reweigh the factors ourselves. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Giving due deference to the district court's sentencing decision, we conclude after reviewing the record that Acosta-Leyva has not shown an abuse of discretion with respect to the substantive reasonableness of his sentence. *See Hernandez*, 876 F.3d at 166–67.

AFFIRMED.