# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11628
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

LARRY DANIEL MAXEY,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:16-CR-119-4

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Larry Maxey appeals his conviction of, and sentence for, conspiracy to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11628

possess with intent to distribute methamphetamine. Maxey contends that the district court procedurally and substantively erred in relying on the findings in the presentence report ("PSR") to determine the quantity of drugs attributed to him. Because Maxey did not raise any objection to the PSR, review is only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Questions of fact capable of resolution by the district court on proper objection at sentencing can never be plain error. *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). In any event, Maxey made no attempt to rebut the factual statements in the PSR, so the court was entitled to adopt them without further inquiry. *See United States v. Cabrera*, 288 F.3d 163, 173−74 (5th Cir. 2002). Maxey has shown no error, plain or otherwise.

In challenging the substantive reasonableness of the sentence, Maxey has not shown that the court failed to take into account a significant factor or that it gave significant weight to an improper factor or committed a clear error in judgment in balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, Maxey has not rebutted the presumption of reasonableness that applies to his below-guidelines sentence. *See United States v. Simpson*, 796 F.3d 548, 557 & n.51 (5th Cir. 2015).

Maxey's claim, for the first time on appeal, that his plea was not voluntarily entered because he did not know the quantity of drugs that would be attributed to him is subject to plain-error review. *See Puckett*, 556 U.S. at 135. The record of his rearraignment reflects that Maxey acknowledged, under oath in open court, that he understood the consequences of his plea, including the maximum sentence that could be imposed; the operation of the sentencing guidelines; and the court's authority to rely on facts in the PSR, regardless of any stipulations, to determine the guideline range. Maxey's sworn

"declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73−74 (1977). He has not shown any error, plain or otherwise, with respect to the validity of his plea.

Maxey avers that his counsel was ineffective in failing to challenge the government's evidence, the witnesses, and the PSR with respect to the quantity of drugs attributed to him. The determination whether counsel should have challenged the findings in the PSR is a fact-intensive inquiry, and the issues raised were not developed in the district court. Therefore, we decline to review this claim on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.