# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2020

Lyle W. Cayce
Clerk

No. 18-31260
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE D. CARHEE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-28-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Willie D. Carhee pleaded guilty pursuant to possession of a firearm by a felon. The district court sentenced Carhee to 84 months of imprisonment and imposed a three-year term of supervised release. Carhee argues that the district court erroneously applied the U.S.S.G. § 2K2.1(b)(6)(B) enhancement for possession of a firearm in connection with another felony offense because the evidence did not support the factual finding that the firearms seized from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31260

his home and place of employment were in close proximity to the marijuana seized at both locations.

Carhee's challenge to the enhancement is subject to plain error review because he never advanced the specific argument to the district court regarding the proximity of the firearms to the drugs. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). The proximity question is a factual issue at sentencing, *see United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010), that is not reviewable under the plain error standard, *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Therefore, Carhee cannot raise the unpreserved argument for the first time on appeal. *See id.*

AFFIRMED.